UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RUSSELL STREETMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.   3:18-cv-2340 |
| | ) | |
| CHW GROUP, INC. d/b/a CHOICE HOME WARRANTY, | ) ) | |
| | ) | |
| Defendant. | ) | |

## PLAINTIFF'S COMPLAINT

Plaintiff, RUSSELL STREETMAN ("Plaintiff"), through his attorney, Agruss Law Firm, LLC, alleges the following against Defendant, CHW GROUP, INC. d/b/a CHOICE HOME WARRANTY ("Defendant"):

## INTRODUCTION

1. Count I of Plaintiff's Complaint is based on the Texas Debt Collection Act Tex. Fin. Code Ann. § 392, et al.  ("TDCA").

2. Count II of Plaintiff's Complaint is based on the Telephone Consumer Protection Act., 47 U.S.C. § 227, et seq. ("TCPA").

## JURISDICTION AND VENUE

3. Jurisdiction in this Court is proper pursuant to 28 U.S.C. § 1331 as Plaintiff's claims arise under the laws of the United States.

4. This Court has jurisdiction under 28 U.S.C. § 1367 which grants this court supplemental jurisdiction over the state claims contained within.

5. This Court has federal question jurisdiction because this case arises out of violations of federal law.  47 U.S.C. §227(b); *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740 (2012).

6. Defendant conducts business in Royse City, Rockwall County, Texas.

7. Venue and personal jurisdiction in this District are proper because Defendant does or transacts business within this District, and a material portion of the events at issue occurred in this District.

## PARTIES

8. Plaintiff are natural persons residing in Royse City, Rockwall County, Texas.

9. Plaintiff are consumers as that term is defined by the TDCA.

10. Plaintiff allegedly owe a debt as that term is defined by the TDCA.

11. Defendant is a debt collector as that term is defined by the TDCA.

12. Defendant attempted to collect a consumer debt from Plaintiff.

13. Defendant is a financial institution located in Edison, New Jersey.

14. Defendant is a business entity engaged in the collection of debt within the State of Texas.

15. Defendant's business includes, but is not limited to, collecting on unpaid, outstanding account balances.

16. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

17. Defendant is attempting to collect an alleged consumer debt from Plaintiff.

18. The alleged debt owed arises from transactions for personal, family, and household purposes.

19. Within the past year of Plaintiff filing this Complaint, Defendant began calling Plaintiff on Plaintiff's cellular telephone at xxx-xxx-4116.

20. Defendant calls Plaintiff from 732-440-8731, which is one of Defendant's telephone

numbers.

21. On at least three occasions since Defendant began calling Plaintiff, Plaintiff has answered Defendant's collection call and has spoken with one of Defendant's collectors.

22. During the aforementioned telephone conversations, Plaintiff requested for Defendant to stop calling him.

23. On at least one occasion since Defendant began calling Plaintiff, Plaintiff has e-mailed Defendant and requested for Defendant to stop calling him.

24. Despite Plaintiff's repeated requests for Defendant to stop calling, Defendant continued to place calls to Plaintiff's telephone.

25. On several occasions when Plaintiff answered one of Defendant's telephone calls, Plaintiff was connected to an automated message.

26. Prior to calling Plaintiff's cellular telephone, Defendant knew the number was a cellular telephone number.

27. All of the calls Defendants made to Plaintiff's cellular telephone resulted in Plaintiff incurring a charge for incoming calls.

28. During at least three conversations, Defendant learned that Plaintiff wanted Defendant to stop calling Plaintiff's cellular telephone.

29. Even if at one point Defendant had permission to call Plaintiff's cellular telephone, Plaintiff revoked this consent.

30. Defendant continued to call Plaintiff's cellular telephone after Defendant knew Plaintiff wanted the calls to stop.

31. Within 4 years of Plaintiff filing this Complaint, Defendant used an automatic telephone dialing system to call Plaintiff's cellular telephone.

32. Within 4 years of Plaintiff filing this Complaint, Defendant called Plaintiff's cellular telephone in predictive mode.

33. Within 4 years of Plaintiff filing this Complaint, Defendant left voicemail messages for Plaintiff on Plaintiff's cellular telephone.

34. The telephone dialer system Defendant used to call Plaintiff's cellular telephone has the capacity to store telephone numbers.

35. The telephone dialer system Defendant used to call Plaintiff's cellular telephone has the capacity to call stored telephone numbers automatically.

36. The telephone dialer system Defendant used to call Plaintiff's cellular telephone has the capacity to call stored telephone numbers without human intervention.

37. The telephone dialer system Defendant used to call Plaintiff's cellular telephone has the capacity to call telephone numbers in sequential order.

38. The telephone dialer system Defendant used to call Plaintiff's cellular telephone has the capacity to call telephone numbers randomly.

39. The telephone dialer system Defendant used to call Plaintiff's cellular telephone selects telephone numbers to be called according to a protocol or strategy entered by Defendant.

40. The telephone dialer system Defendant used to call Plaintiff's cellular telephone simultaneously calls multiple consumers.

41. While Defendant called Plaintiff's cellular telephone, Plaintiff's cellular telephone line was unavailable for legitimate use during the unwanted calls.

42. Defendant's calls constitute calls that are not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A).

43. As a result of Defendant's alleged violations of law by placing these automated calls to

Plaintiff's cellular telephone without prior express consent, Defendant caused Plaintiff harm and/or injury such that Article III standing is satisfied in at least the following, if not more, ways:

a. Invading Plaintiff's privacy;

b. Electronically intruding upon Plaintiff's seclusion;

c. Intrusion into Plaintiff's use and enjoyment of his cellular telephone;

d. Impermissibly occupying minutes, data, availability to answer another call, and various other intangible rights that Plaintiff have as to complete ownership and use of his cellular telephone; and

e. Causing Plaintiff to expend needless time in receiving, answering, and attempting to dispose of Defendant's unwanted calls.

## COUNT I
## DEFENDANT VIOLATED THE TEXAS DEBT COLLECTION ACT

44. Defendant violated the TDCA based on the following:

a. Defendant violated Tex. Fin. Code §392.302(4) by oppressing, harassing, or abusing Plaintiff by causing a telephone to ring repeatedly or continuously, or making repeated or continuous telephone calls, with the intent to harass a person at the called number, when Defendant continued to call Plaintiff after Plaintiff requested that Defendant stop calling him.

WHEREFORE, Plaintiff, RUSSELL STREETMAN, respectfully request judgment be entered against Defendant, CHW GROUP, INC. d/b/a CHOICE HOME WARRANTY, for the following:

45. For statutory damages provided and pursuant to Tex. Fin. Code Ann. § 392.403 and/or Tex. Bus. & Com. Code § 17.50(d);

46. For attorneys' fees, costs and disbursements;

47. Injunctive relief pursuant to Tex. Fin. Code Ann. § 392.403(a)(1); and

48. For any such other and further relief, as well as further costs, expenses and disbursements of this action, as this Court may deem just and proper.

## COUNT II
## DEFENDANT VIOLATED THE TELEPHONE CONSUMER PROTECTION ACT

44. Plaintiff repeat and re-allege paragraphs 1-43 of Plaintiff's Complaint as the allegations in Count II of Plaintiff's Complaint.

45. Defendant's conduct violated the TCPA by:

    a. Placing non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system and/or pre-recorded or artificial voice in violation of 47 U.S.C. § 227 (b)(1)(A)(iii).

WHEREFORE, Plaintiff, RUSSELL STREETMAN, respectfully request judgment be entered against Defendant, CHW GROUP, INC. d/b/a CHOICE HOME WARRANTY, for the following:

46. As a result of Defendant's negligent violations of 47 U.S.C. § 227(b)(1), Plaintiff are entitled to and request $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B);

47. As a result of Defendant's willful and/or knowing violations of 47 U.S.C. § 227(b)(1), Plaintiff are entitled to and request treble damages, as provided by statute, up to $1,500.00, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C);

48. Plaintiff are entitled to and seek injunctive relief prohibiting such conduct in the future; and

49. Any other relief that this Honorable Court deems appropriate.

DATED:  September 4, 2018        RESPECTFULLY SUBMITTED,

By: /s/ Michael S. Agruss
    Michael S. Agruss
    SBN: 6281600
    Agruss Law Firm, LLC
    4809 N. Ravenswood Ave., Suite 419
    Chicago, IL 60640
    Tel: 312-224-4695
    Fax: 312-253-4451
    michael@agrusslawfirm.com
    Attorney for Plaintiff